UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVA F.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 23-cv-01921-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

　　　Plaintiff Neva F. ("Plaintiff") filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. (ECF No. 1 ¶ 1.) Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion.

I.　**LEGAL STANDARD**

　　　Typically, all parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). However, a court may authorize an action to proceed without payment of the filing fee if the plaintiff "submits an

affidavit that includes a statement of all assets such [person] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although § 1915(a)(1) "does not itself define what constitutes insufficient assets" to qualify a plaintiff to be granted leave to proceed *in forma pauperis* ("IFP"), "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

## II.   DISCUSSION

Here, Plaintiff has not paid the $402 filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in her affidavit of assets: She has no wages or employment income, no savings, and $43 in her bank account. (*Id.* ¶¶ 1–4.) Her only asset is a 2000 vehicle worth $1,200. (*Id.* ¶ 5.) Plaintiff's only income is $1,170 per month in CalWORKS assistance and $540 per month in food stamps, for a total of $1,710 per month. (*Id.* ¶ 1.) Plaintiff supports herself and her two seventeen-year-old children with this income. (*Id.* ¶ 7.) Plaintiff's average total monthly expenditures amount to $1,080. (*Id.* ¶ 8.)

Plaintiff's IFP Motion reflects that her monthly income exceeds her monthly expenditures by $630. (*See id.* ¶¶ 1, 8.) This would suggest that Plaintiff has the ability to pay the filing fee and still afford the necessities of life. *See Escobedo*, 787 F.3d at 1234. However, since Plaintiff has only $43 in her bank account, it would appear she has additional monthly expenditures that she did not include in her affidavit of assets. Accordingly, Plaintiff's IFP Motion is denied without prejudice. In any renewed motion,

Plaintiff must fully reflect her monthly expenditures or otherwise account for the difference between her reported income and her reported expenses. However, if her monthly expenditures in the current IFP Motion are fully reported or she cannot otherwise explain the discrepancy, she must pay the filing fee.

## III.    CONCLUSION

For the aforementioned reasons, Plaintiff's IFP Motion is **DENIED WITHOUT PREJUDICE**. On or before <u>**November 13, 2023**</u>, Plaintiff must either (1) file a renewed motion for leave to proceed *in forma pauperis* that addresses the concerns raised above, or (2) pay the requisite filing fee, otherwise her case may be dismissed.

**IT IS SO ORDERED.**

Dated:  October 27, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge