UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NEVA F.,<br><br>                              Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of<br>the Social Security Administration,[1]<br><br>                              Defendant. | Case No.:  23-cv-01921-JLB<br><br>**ORDER REQUIRING PLAINTIFF<br>SUPPLEMENT** |

On October 19, 2023, plaintiff Neva F. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  (ECF No. 1, ("Compl.").)  On February 20, 2024, Plaintiff filed a merits brief pertaining only to Plaintiff's application for SSI.  (ECF No. 16.)   Having reviewed the Certified Administrative Record

---

[1]     Martin O'Malley, the current Acting Commissioner of Social Security, is automatically substituted as the defendant for Kilolo Kijakazi, the former Acting Commissioner of Social Security, pursuant to Federal Rule of Civil Procedure 25(d).

(ECF Nos. 11, 12 ("AR")), the Court requires supplementation from Plaintiff to address discrepancies between the record, the complaint, and her merits brief.

## I.   PROCEDURAL BACKGROUND

### A.   2013 Applications for DIB and SSI

In April 2013, Plaintiff filed applications for DIB and SSI, alleging disability beginning March 18, 2013. (*See* AR 100.) After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ"). (*See* AR 100.)  An administrative hearing was held on February 22, 2016. (*See* AR 100.)  In his April 26, 2016, hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 18, 2013, through the date of decision. (AR 95–122.)

### B.   2017 Applications for DIB and SSI

On July 25, 2017, Plaintiff filed applications for both DIB and SSI, alleging disability beginning March 18, 2013. (AR 199.)  After Plaintiff's applications were denied initially (AR 123–139 (DIB), 140–157 (SSI)) and upon reconsideration (AR 158–176 (DIB), 177–195 (SSI)), Plaintiff requested an administrative hearing before an ALJ (*see* AR 199).  An administrative hearing was held on March 14, 2019. (*See* AR 199.)  In his April 1, 2019, hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 18, 2013, through the date of decision. (AR 196–217.)   The ALJ's decision became the final decision of the Commissioner on June 16, 2019, when the Appeals Council denied Plaintiff's request for review. (AR 218–223.)

### C.   2019 Application for SSI

On or around September 25, 2019, Plaintiff filed an application for SSI, alleging a disability onset date of March 19, 2013. (AR 356–365.)  After Plaintiff's application was denied initially (AR 224–243) and upon reconsideration (AR 244–263), Plaintiff requested an administrative hearing before an ALJ (AR 280–282).  An administrative hearing was held on April 28, 2021. (AR  64–94.)  Plaintiff appeared at the hearing with counsel, and

testimony was taken from her, as well as from a vocational expert ("VE").  (AR 64–94.) At the hearing, the ALJ addressed both the type of application at issue and the onset date in the following exchange:

> ALJ: All right and I note this is a Title XVI only case, the onset date is in 2013, however we have a prior ALJ decision in April of 2019.  Any issue with amending the onset date to match [the] protective filing date?
>
> Attorney: No, we would absolutely like to amend to the filing date.
>
> ALJ: All right, I'll make that note here.  Motion is granted.

(AR 67.)   After Plaintiff submitted additional outstanding records (*see* AR 470–472), Plaintiff requested a supplemental hearing before an ALJ to further develop the record (AR 476).  A supplemental administrative hearing was held on April 6, 2022.  (AR 34–63.) Plaintiff appeared at the hearing with counsel, and testimony was taken from her, as well as from a VE and Plaintiff's father.  (AR 34–63.)  At the hearing, the ALJ again addressed both the type of application at issue and the onset date:

> ALJ: All right.   And Ms. Ferman, I know at the previous hearing, you amended the onset date to match that of the protective filing date in this case, which is September 25, 2019; is that still the case?
>
> Attorney: You know, Your Honor, if we could amend to the day after the prior decision, which I have as 4/27/16.
>
> ALJ: All right.  But you recognize this is a Title XVI only case, so the claimant is not entitled to anything until her protective filing date?  Do you understand that?
>
> Attorney: I see.  I'm sorry.  I have it as a Title II and a Title XVI.
>
> ALJ: My understanding is this is a Title XVI only case.  I don't see an application for Title II.
>
> Attorney: Got it.  Okay.  On a XVI only, then the protective filing date is fine.
>
> ALJ: All right.  Thank you.  I'll go ahead and amend your onset date to match the protective filing date, which is September 25, 2019, as was the case with the—with the original hearing.

(AR 37–38.)

As reflected in his August 25, 2022, hearing decision, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 25, 2019, through the date of decision.  (AR 7–33.)  The ALJ's decision became the final decision of the Commissioner on August 18, 2023, when the Appeals Council denied Plaintiff's request for review.  (AR 1–6.)

## II.   DISCREPANCIES IN COMPLAINT

The Court has identified the following discrepancies[2] between Plaintiff's complaint and her merits brief:

| Complaint | Merits Brief |
| --- | --- |
| "This action for judicial review of the Commissioner's final administrative decision challenges the denial of [Plaintiff]'s application for **Supplemental Security Income (Title XVI) and Social Security Disability Insurance (Title II) benefits** under the Social Security Act, 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3)."  (Compl. ¶ 1.) | |
| "On **July 25, 2017**, [Plaintiff] filed an application for **Supplemental Security Income and Social Security Disability Insurance under Title XVI and Title II** of the Social Security Act."  (Compl. ¶ 6.) | "On **September 25, 2019**, Plaintiff filed an application for Supplemental **Security Income benefits under Title 16** of the Social Security Act."  (ECF No. 16 at 4.) |
| "[Plaintiff] alleges her disability began September 25, 2019.  [Plaintiff] originally alleged a disability onset date of March 18, 2013; this date was amended to September 25, 2019, at the hearing."  (Compl. ¶ 7, n.1.) | Plaintiff's application alleged a disability onset date of March 18, 2013. . . .  At her hearing, Plaintiff amended her onset date to the date of her SSI application: September 25, 2019."  (ECF No. 16 at 4.) |
| "On April 28, 2021, an administrative law hearing was held in San Diego, California, presided over by Kevin Messer, an administrative law judge.  A supplemental | "Plaintiff had a telephone hearing on April 28, 2021, and a supplemental hearing on **November 23, 2021**."  (ECF No. 16 at 4.) |

---

2    Emphasis added to identify discrepancies, and internal citations omitted for clarity.

| | |
|---|---|
| hearing was held on **April 6, 2022**." (Compl. ¶ 8.) | |
| "On August 12, 2022, the ALJ issued an unfavorable hearing decision finding that [Plaintiff] was not disabled." (Compl. ¶ 9.) | "Following Plaintiff's administrative hearings, the Administrative Law Judge issued an unfavorable hearing decision on August 12, 2022." (ECF No. 16 at 4.) |
| "On October 14, 2022, [Plaintiff] filed a timely request for review with the Appeals Council of the Social Security Administration's Office of Disability Adjudication and Review." (Compl. ¶ 10.) | "Plaintiff timely appealed that decision to the Appeals Council of the Social Security Administration." (ECF No. 16 at 4.) |
| "On August 18, 2023, the Appeals Council denied [Plaintiff's] request for review, making the ALJ decision the final decision of the Commissioner of Social Security." (Comp. ¶ 11.) | "On August 18, 2023, the Appeals Council denied Plaintiff's appeal, making the ALJ's decision the final determination of the Commissioner of Social Security." (ECF No. 16 at 4.) |
| "[Plaintiff] has exhausted her administrative remedies with respect to her **July 25, 2017, application for Supplemental Security Income and Social Security Disability Insurance benefits**." (Comp. ¶ 12.) | "The Plaintiff [sic] has exhausted her administrative remedies with respect to her **September 25, 2019, application for Supplemental Security Income benefits**." (ECF No. 16 at 4.) |

Based on the Court's review, it appears that Plaintiff's complaint incorrectly cites to her 2017 applications for DIB and SSI as the denials at issue in the underlying appeal, while in fact challenging the denial of her 2019 application for SSI only. However, despite addressing the incorrect applications, Plaintiff's complaint sets forth the correct procedural history for her 2019 SSI application, including the date upon which the denial became a final decision—August 18, 2023.

///
///
///
///
///

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478 (1986) ("[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations.").

Pursuant to Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions, a complaint seeking judicial review under 42 U.S.C. § 405(g) must, *inter alia*, "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision" and "state the type of benefits claimed."  Fed. R. Civ. P. Suppl. R. Soc. Sec. Actions 2(b)(1)(B), 2(b)(1)(E). "Failure to plead all the matters described in Rule 2(b)(1)(B), (C), (D), and (E), moreover, should be cured by leave to amend, not dismissal."  Fed. R. Civ. P. Suppl. R. Soc. Sec. Actions 2 advisory committee's note to 2022 enactment.

Here, it is clear based on Plaintiff's merits brief that the complaint's inconsistencies with the record were identified; however, Plaintiff has not sought leave to amend the complaint.

## III.   CONCLUSION

In order to remedy the discrepancies before the Court, **IT IS HEREBY ORDERED** that **no later than <u>June 21, 2024</u>**, Plaintiff shall file a supplement to her merits brief:

1.   Affirmatively declaring the instant action seeks only review of the denial of Plaintiff's **<u>September 25, 2019</u>**, application for **<u>supplemental security income</u>** benefits under **<u>Title XVI</u>** of the Social Security Act or, if Plaintiff is seeking review of a denial of an application for disability insurance benefits under Title II of the Social Security Act, identifying a 2019 application for DIB in the record; AND

2.   Addressing whether Plaintiff will seek leave to file an amended complaint to remedy the identified discrepancies, and specifically to accurately

identify "the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision" and "state the type of benefits claimed," or how Plaintiff otherwise proposes these discrepancies can be addressed in a procedurally appropriate way.

**IT IS SO ORDERED.**

Dated:  June 10, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

7

23-cv-01921-JLB